IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern/Greenbelt Division

KAREN CURTIS                                    :                                   :
    10802 Hollaway Dr.               :
    Upper Marlboro, MD 20772    :
    Plaintiff,                     :        Civil Action No.
                                      :
v.                                     :
                                    :        Jury Trial Demanded

PRINCE GEORGE'S COUNTY    :
    Department of Environment    :
    1301 McCormick Dr., STE 4000  :
    Largo, MD 20774           :
    Defendant.                :

## COMPLAINT OF DISCRIMINATION

Plaintiff, Karen Curtis, brings this action alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), against her employer, Prince George's County..

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of the instant complaint Pursuant to 28 U.S.C. § 1331 because the plaintiff brings an action arising under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because the entity resides and the issues complained of occurred in whole or in part, in this District.

## II.    PARTIES

3.    Plaintiff, Karen Cutis ("Curtis") at all times material to the averments of this

Complaint, is a citizen of the state of Maryland and was an employee Prince George's County

within its executive agency, the Department of Environment.  Plaintiff served as an

Administrative Aide IV.

4.      Defendant, Prince George's County is a political subdivision of the state of

Maryland and at all times relevant, operated the Department of Environment in Prince George's

County, Maryland and employed Curtis.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff exhausted her administrative remedies by filing a Charge of

Discrimination alleging violations of Title VII based on her sex (female) and age on or about

September 13, 2024 or within 300 days of the discriminatory events alleged herein.

6.      One hundred eighty days have elapsed since the filing of Plaintiff's Charge of

Discrimination and the instant suit has been filed within two (2) years of the discriminatory

events alleged herein.

## IV.    STATEMENT OF FACTS.

7.      Karen Curtis ("Curtis") joined Prince George's County government in 1994.  She

joined the Department of Environment (the "County" or "Defendnat") in 2006.

8.      In 2023, Curtis served the County as an Administrative Aide IV.  Although

Curtis' position was so classified, she performed those duties and the majority of the duties

assigned to the Administrator for Animal and Towing Commissions position.

9.      Prior to 2020 and about the time functions housed within the Department of

Environment shifted to the Department of Inspections and Enforcement, Curtis began working

temporary assignments or details where she was responsible for animal control and towing

responsibilities.  In January of 2020, Curtis took over the duties and responsibilities on a full

time basis.

10.     Curtis unsuccessfully attempted to have her position reclassified so that its title and pay were consistent with the full scope of her duties and responsibilities.  The County declined to do so or fairly pay Curtis for the work she performed.

11.     On July 27,  2023, the County posted an Administrator for Animal and Towing Commissions position.  The advertised position's duties and responsibilities mirrored those Curtis had been performing, outside of the scope of her position as Administrative Aide IV.

12.     Curtis applied for the position and the County ultimately did not select Curtis.  On or about December 6, 2023 Curtis learned that the County made a selection for the position.  On December 14, 2023, Curtis learned the identity of the selectee, Kevin Morris.  Mr. Morris is a Black male who is significantly younger than Curtis.

13.     Mr. Morris was significantly and demonstrably less qualified than Curtis for the Administrator for Animal and Towing position.  Curtis had actually been performing the position for several years, having been temporarily assigned to it for an extended time prior to 2020 and then being permanently assigned the duties on a full time basis in January 2020.

14.     The disparity in qualifications was magnified by the fact that the County required that Curtis train Mr. Morris so that he could effectively perform the position after the County selected him over Curtis and he onboarded.

15.     Mr. Morris had not previously worked for the Department of Environment before encumbering the position.  He had worked as a police officer and lacked the administrative and financial experience that encompassed the majority of duties and responsibilities for the position.

16.     The County failed to pay Curtis fairly for the duties and responsibilities she performed because of her sex, female.  Ultimately, because the selecting officials favored men

over women and younger employees, the County selected Mr. Morris over Curtis.  The selection was not based on merit principles or the relative qualifications of the candidates.

## V.    CLAIMS

### A.    <u>**Discrimination in Violation of Title VII of the Civil Rights Act of 1964**</u>.

17.    Plaintiff restates and realleges the allegations of paragraphs one (1) through 16 as if fully set forth herein and further alleges as follows:

18.    Defendant selected a demonstrably less qualified candidate for the Administrator for Animal and Towing Commissions position over Plaintiff because of her sex and age. Plaintiff's qualifications were superior to the selectee and based on those qualifications, no reasonable person would have made the challenged selection in the absence of discriminatory animus.

19..    As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.

### B.    <u>**Violation of the Maryland Human Rights Act**</u>.

20.    Plaintiff restates and realleges the allegations of paragraphs one (1) through 16 as if fully set forth herein and further alleges as follows:

21.    MD State Government Code § 20-606 prohibits discrimination in promotions or selections on the basis of sex and age.

22.    Defendant violated the Maryland Human Rights Act (MD State Government Code § 20-601, *et. seq.*) by selecting a demonstrably less qualified candidate for the

Administrator for Animal and Towing Commissions position over Plaintiff because of her sex and age.

24.    As a direct and proximate result of Defendant's discriminatory conduct in violation of the Maryland Human Rights Act, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages and statutory penalties to make her whole in addition to attorney fees and costs.

## VI.    PRAYER FOR RELIEF

Plaintiff requests the following relief:

(1)    An order declaring that Defendant has violated her rights as secured by Title VII of the Civil Rights Act of 1964, as amended and the Maryland Human Rights Act;

(2)    An order enjoining Defendant against continued and further discrimination against Plaintiff;

(3)    Compensatory damages in amounts to be determined by a jury;

(4)    Statutory civil penalties;

(5)    Attorney's fees, case expenses and court costs; and

(6)    Any other relief determined appropriate.

Respectfully submitted:                                                              July 25, 2025


___/s/ Eden Brown Gaines_____
Eden Brown Gaines

MD Federal Bar No. 18306
Brown Gaines, LLC
80 M Street, SE
Suite 100
Washington, DC 20003
Main (202) 573-6865
Fax (301) 542-0032
egaines@browngaines.com